UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Dr. Jeffrey Johnson,
    Plaintiff,

v.

                              COMPLAINT

                          (JURY TRIAL DEMANDED)

St. Cloud State Technical & Community College,
State of Minnesota,
    Defendant.                                           Court File No. 0:23-cv-1736

---

LeBlanc Law and Mediation, LLC, Joseph J. LeBlanc (#0393225), 222 South Ninth Street, Suite 1600, Minneapolis, MN 55402, Telephone: (612) 819-9652, Attorney for Plaintiff.

PLAINTIFF Dr. Jeffrey Johnson for his Complaint against

Defendant, St. Cloud State Technical & Community College, State of Minnesota and alleges the following:

**Parties**

1. Plaintiff Dr. Jeffrey Johnson was, at all times relevant to this case, a resident of St. Cloud, Minnesota.

2. Defendant St. Cloud State Technical & Community College (SCTCC) is a public university in Minnesota. The University is part of the Minnesota State Colleges and Universities System. SCTCC's principal place of business is located at 1540 Northway Drive, St. Cloud, MN 56303

**Jurisdiction and Venue**

3. The Court has jurisdiction over the parties and causes of action alleged by Plaintiff because the

claims involve violations of Federal and Minnesota laws, and the events alleged herein affecting Plaintiff occurred in the District of Minnesota.

4. Venue is proper in this Court because SCTCC is headquartered in Stearns County Minnesota, in the district of Minnesota and the acts giving rise to Plaintiff's claims occurred in Stearns County, Minnesota, in the district of Minnesota.

5. Plaintiff filed a charge of discrimination with the Minneapolis Equal Employment Opportunity Commission (charge no.: 444-2023-00269) and on March 10, 2023, received notification that Plaintiff had the right to sue to proceed with this lawsuit.

## FACTUAL BACKGROUND

### A. Dr. Jeffrey Johnson is Successful Professor and Scholar.

6. Plaintiff is 57 years old and has been a higher education faculty member at the Universities in Minnesota for over 15 years.

7. Plaintiff has earned a Ph.D in Higher Education Administration with a cognate in Career & Technology Education.

8. Plaintiff applied for the Dean of Skilled Trades & Industry Position at SCTCC.

9. Plaintiff had all the required qualifications and all but one of the preferred qualifications.

### B. Plaintiff was Subjected to a Discriminatory Work Environment During the application process for the Dean Position.

10. Plaintiff was one of two candidates that advanced to the Division Open Forum and Campus Open Forum at SCTCC.

11. During The Division Open Forum there were several illegal comments made about Plaintiff's age, and that Plaintiff was too close to retirement age to be hired as the Dean.

12. These comments were recorded in the interviews notes, and impacted the hiring decision.

|     |     |
| --- | --- |
|     | Additionally, there were comments about Plaintiff's political history, that should not have been considered in the hiring decision. |
| 13. | Plaintiff learned from a social media post from a non-official group non-associated with SCTCC that he would not be hired as the Dean of Skilled Trades & Industry |
| 14. | Plaintiff was subjected to a humiliating and devastating campaign to ensure he was not hired for the dean position from comments made during the open forum and campus open at SCTCC. |
| 15. | Plaintiff would not have applied for this position had he wanted to retire as suggested during the open forum and campus open. |
| 16. | The conduct of the SCTCC has caused Plaintiff severe emotional distress and has been ruinous to Plaintiff's reputation and the legacy that he has in higher education and his reputation in St. Cloud. |

## COUNT I

### Age Discrimination in violation of the Minnesota Human Rights Act

|     |     |
| --- | --- |
| 17. | Plaintiff hereby restates and re-alleges the allegations contained within the preceding paragraphs as though fully stated herein. |
| 18. | Plaintiff was a possible employee of Defendant and Defendant was the possible employer of Plaintiff within the meaning of the Minnesota Human Rights Act, Minn. Stat. § 363A *et seq.* ("MHRA"). |
| 19. | Plaintiff was discriminated against with respect to the terms and/or conditions and/or privileges of his possible employment and, ultimately, was not hired because of his age in violation of Minn. State. § 363A.08, subd. 2. |
| 20. | Defendant knew or should have known of the aforesaid conduct. |

21. The unlawful employment practices set forth above were intentional.

22. As a result of the above, Plaintiff suffered damages, including loss of income, mental anguish or suffering, and other damages in an amount to be proven at trial, but believed to be in excess of $75,000.

23. By reason of the above-alleged conduct Plaintiff is entitled to judgment against Defendant in a reasonable amount in excess of $75,000, which should be trebled, and to civil fines and his reasonable costs and attorney's fees pursuant to Minn. Stat. § 363A.33 and § 363A.29.

## COUNT II

**Age Discrimination in Violation of the Age Discrimination in Employment Act**

24. Plaintiff hereby restates and re-alleges the allegations contained within the preceding paragraphs as though fully stated herein.

25. Plaintiff was a possible employee of Defendant and Defendant was the possible employer of Plaintiff within the meaning of the Age Discrimination in Employment Act 29 U.S.C. § 621 ("ADEA").

26. Plaintiff was discriminated against with respect to the terms and/or conditions and/or privileges of his possible employment and, ultimately, was not hired because of his age.

27. Defendant knew or should have known of the aforesaid conduct.

28. The unlawful employment practices set forth above were intentional.

29. As a result of the above, Plaintiff suffered damages, including loss of income, mental anguish or suffering, and other damages in an amount to be proven at trial, but believed to be in excess of $75,000.

30. By reason of the above-alleged conduct Plaintiff is entitled to judgment against Defendant in a reasonable amount in excess of $75,000

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectively prays that:

A. The practices of SCTCC, complained herein be declared illegal as above alleged.

B. Judgement be entered in favor of Plaintiff and against SCTCC, on Counts I, and II, and each of them in an amount of excess of $75,000 as determined by the Court and jury herein, together with prejudgment interest thereon.

C. Plaintiff be awarded punitive damages pursuant to the Minnesota Human Rights Act.

D. Plaintiff be awarded treble damages pursuant to the Minnesota Human Rights Act.

E. Plaintiff be awarded his legal expense, including reasonable attorneys' fees, experts' fees, and other costs and expenses incurred in this litigation.

F. Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all claims.

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. §549.211, Subd. 2, that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defenses that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the court.

Date__06/08/2023_____                s/ Joseph J. LeBlanc_____

                By:  Joseph J. LeBlanc
                     Attorney for Dr. Jeffrey Johnson
                     Attorney Registration # 0393225
                     joe@leblanclawandmediation.com
                     LeBlanc Law and Mediation LLC
                     222 South Ninth Street, Suite 1600
                     Minneapolis, Minnesota 55402.
                     (612) 819-9652

CASE 0:23-cv-01736-JWB-LIB   Doc. 1   Filed 06/09/23   Page 7 of 11