# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dr. Jeffrey Johnson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>St. Cloud State Technical & Community College, *State of Minnesota*,<br><br>　　　　　Defendant. | Civ. No. 23-1736 (JWB/LIB)<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS** |

Joseph J. LeBlanc, Esq., LeBlanc Law and Mediation LLC, counsel for Plaintiff.

Anna L. Veit-Carter, Esq., and Madeline DeMeules, Esq., Minnesota Attorney General's Office, counsel for Defendant.

　　　This case is a reminder that claims must be pursued diligently and filings must be made on time, absent exigent circumstances. The Complaint in this age discrimination case will be dismissed because it suffers from two significant procedural defects: (1) it was not properly served, and (2) it was filed outside Title VII's required 90 day deadline.

　　　Plaintiff Dr. Jeffrey Johnson claims that comments about his age improperly influenced Defendant St. Cloud Technical & Community College's decision not to hire him. He received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") on March 10, 2023, and filed suit on June 9, 2023, claiming violations of the Minnesota Human Rights Act ("MHRA") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"). (*See generally* Doc. No. 1 ("Compl.").)

　　　The College now seeks dismissal for insufficient service, for lack of subject matter

jurisdiction over the MHRA claim, and because the ADEA claim is time-barred. Johnson abandoned his MHRA claim, so that claim is dismissed. As to the ADEA claim, Johnson asks to perfect service because he made a good faith effort at serving his lawsuit. On timeliness, he argues that he either met the 90 day filing deadline or should be excused for filing one day late. Johnson's arguments are not persuasive, and the case is dismissed.

## DISCUSSION

### I.      12(b)(5): Insufficient Service of Process

To survive a motion to dismiss under Rule 12(b)(5), a plaintiff must plead enough facts to support a reasonable inference that the defendant was served properly. *See Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). A Rule 12(b)(5) motion may be considered using affidavits and evidence, but the evidence must be viewed in a light favorable to the plaintiff. *See id.* Proper service is a prerequisite to personal jurisdiction. *See Disability Support Alliance v. Billman*, Civ. No. 15-3649 (JRT/SER), 2016 WL 755620, at *2 n.1 (D. Minn. Feb. 25, 2016).

Within 90 days of filing a complaint, a plaintiff must serve the defendant with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1); 4(m). If the plaintiff fails to do so, either the case must be dismissed or the plaintiff must be ordered to complete service within a specified time. Fed. R. Civ. P. 4(m). Where the plaintiff shows good cause for the failed service, the time to complete service must be extended. *Id.*

Because Defendant is part of the Minnesota State Colleges and Universities System (Compl. ¶ 2), Rule 4(j)'s requirements for serving a state-created governmental organization apply. Accordingly, Johnson could serve either Defendant's chief executive

officer or the Minnesota Attorney General's Office pursuant to Minn. R. Civ. P. 4.03(d).

Johnson filed his Complaint and received a summons on June 9, 2023. (*See* Doc. Nos. 1, 3.) Now more than six months later, the record does not include either an executed affidavit of service from Johnson or a waiver of service from Defendant. The only evidence of service is a declaration from Johnson's counsel attesting that a copy of the Complaint was delivered to Defendant's human resources department on June 12, 2023. (Doc. No. 11-2.) However, there is no indication that the summons was included in the served materials. The only mention of serving Defendant's CEO is the bald assertion in Johnson's brief that the CEO was not available on June 12, 2023. (Doc. No. 11-1 at 6.)

Individuals may be served personally, through a person at the individual's residence, or through their agent. *See* Fed. R. Civ. P. 4.03(e); Minn. R. Civ. P. 4.03(a). Providing the Complaint to Defendant's human services department does not satisfy either rule. *See, e.g.*, *Tidriri v. Board of Regents*, 4:19-cv-00321, 2020 WL 6281405, at *2–3 (S.D. Iowa Sept. 24, 2020), *aff'd* 859 F. App'x 745 (8th Cir. 2021).

Johnson requests to cure any defective service as a matter of fairness. He claims that he first learned of service issues from Defendant's motion to dismiss. (Doc. No. 11-1 at 6.) The Attorney General's Office somehow learned of Johnson's case since its counsel attests that she twice attempted to contact Johnson's attorney by phone and email to raise the service issue. (*See* Doc. No. 15-1 at 2–3.) Johnson's attorney states that he never received any voicemails or email messages from defense counsel. (Doc. No. 11-2 at 1.)

Regardless, Defendant having actual notice of the lawsuit does not save Johnson's improperly served case. *See Tidriri*, 2020 WL 6281405, at *3 (citing *Adams v.*

*AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996)). Nothing in the record shows a summons was ever served at all. And Johnson offers no good cause for extending or perfecting service. It is not Defendant's responsibility to ensure Johnson's counsel complies with the requirements for the timing, content, and methods of proper service. Therefore, Johnson's case is dismissed for improper service.

**II.      12(b)(6): Failure to State a Claim**

Aside from Johnson's service issues, his Complaint was not filed within the 90 days required by federal law. This case is also subject to dismissal for that reason.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, courts accept well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). A claim may be dismissed under Rule 12(b)(6) if the complaint itself establishes that the claim is untimely. *See Illig. v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). Title VII's filing period is a limitations period that bars lawsuits that are not filed within that time. *Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 736 (8th Cir. 2018).

Johnson alleges that he received the EEOC notification that he had the right to bring his discrimination lawsuit on March 10, 2023. (Compl. ¶ 5.) He restates that allegation early in his opposition brief, arguing that his filing one day late should be excused as a matter of equity and because the Federal Rules of Civil Procedure provide a three-day grace period for mailings. (See Doc. No. 11-1 at 2, 4, 6.) Johnson's story

4

changes later in his brief, however, when he argues that his Complaint was filed on time because he actually received the right to sue letter on March 13, 2023, which would make the filing deadline June 11, 2023. (*See id.* at 7.) Johnson's allegation in the Complaint that he received the right to sue letter on March 10, 2023 is taken as true. With only a bald assertion and no evidence otherwise, the deadline for him to file this lawsuit was June 8, 2023. Johnson filed the Complaint on June 9, 2023, outside the permitted 90 days.

Johnson also argues that holding him to 90 days would be fundamentally unfair because Title VII is liberally construed to eliminate discrimination and "procedural ambiguities" in the statute are regularly resolved in plaintiffs' favor. (*See* Doc. No. 11-1 at 4.) However, the cases Johnson cites were construing what constitutes sufficient notice to *begin* the filing period under Title VII. At issue here is the *end* of the filing period.

Title VII is not ambiguous on the end of the filing period. If the EEOC declines to sue, it must notify the aggrieved individual, who is then permitted to bring suit "within ninety days after the giving of such notice." 42 U.S.C. § 2000e-5(f)(1). The statute will not be construed so liberally that 90 days becomes 91 days. Johnson's time to file his ADEA claim elapsed before he filed suit. Therefore, the claim is dismissed as untimely.

## ORDER

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 7) is **GRANTED**, and Plaintiff Dr. Jeffrey Johnson's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**. The hearing set for January 10, 2024 is canceled.

Date: January 8, 2024                         *s/ Jerry W. Blackwell*
                                              JERRY W. BLACKWELL
                                              United States District Judge